UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DWIGHT ELLIS BROOKS,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-1158 (RMC) |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Plaintiff Dwight Brooks filed this Complaint, containing the same garbled allegations that the Court dismissed in April 2015. Mr. Brooks will be required to file an amended complaint.

In the prior suit, Mr. Brooks filed a complaint against the following defendants: Attorney Nga Mahfouz; Arkansas Circuit Court Judges Mary McGowan, Chris Piazza, Wendell Griffen, and Timothy Davis Fox; Former Governor of Arkansas Mike Beebe; the State of Arkansas; and JP Morgan Chase Bank, N.A. *See Brooks v. Mahfouz*, Civ. No. 15-407-RMC (D.D.C.). Because the complaint was unintelligible, the Court dismissed it without prejudice and ordered Mr. Brooks to file an amended complaint, which he did on April 9, 2015. Because the amended complaint remained unintelligible and it failed to set forth a short and plain statement that would put defendants on notice of the claims, the Court dismissed the case. *See id.*, Order filed Apr. 24, 2015 (citing *Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished) and Fed. R. Civ. P. 41(b)).

Mr. Brooks has now filed this suit, making allegations that are identical to those in the prior suit:

1

> Defendants engaged, associated, conspired, aid and participate directly and indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity affecting interstate commerce. Enterprise corruption JPMorgan Chase Bank, N.A., Associates and co conspirators engaged in acts and conduct in unlawfully combination in form of trust and conspiracy in restraint of trade, commerce and competition (no hearing or trial by jury) in the Pulaski County, Ar[kansas] and the District of Columbia and between Pulaski County and the District of Columbia with pattern of racketeering activities affecting interstate commerce with malice and fraud. . . . Deprivation of Plaintiff rights under color of state laws, . . . and conspiracy to deny Plaintiff equal protection of the laws in violation of U.S. Constitution Amend[ment] 14 with malice and fraud.  Affirmative acts of concealment of material evidence. . . . Fraudulent deed on Plaintiff home . . . Threaten loss to Plaintiff home by RICO and antitrust violation by Defendants . . . .

Compl. [Dkt. 1] at 1-3 (errors in original).  In this new suit, however, Mr. Brooks names as Defendants: Federal National Mortgage Association; the United States; this Judge (Rosemary M. Collyer), the Clerk of this Court (Angela Caeser), and the Arkansas Judicial Discipline and Disability Commission.  The first page of the Complaint includes the words "abuse of public office" and "gross misconduct in office" but the factual allegations do not refer to the named Defendants or any facts that support a claim for abuse of office or misconduct.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8.  Dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ciralsky v. CIA*, 355 F.3d 661, 670 n.9 (D.C. Cir. 2004) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).  While complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp.

237, 239 (D.D.C. 1987).  The Complaint here is so confused, ambiguous, and vague as to be unintelligible.

For these reasons, it is hereby

**ORDERED** that the Complaint is **DISMISSED without prejudice**; and it is

**FURTHER ORDERED** that Plaintiff **SHALL, no later than August 24, 2015**, file an amended complaint that corrects the deficiencies addressed in this Order.  If Plaintiff fails to file an amended complaint by that deadline, this action will be dismissed with prejudice and the case will be closed.

Date: July 23, 2015                          /s/
                                             ROSEMARY M. COLLYER
                                             United States District Judge