UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DWIGHT ELLIS BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 15-1158 (RJL) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
September 10, 2015

**FILED**
SEP 10 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

This matter comes before the Court on its initial review of plaintiff's *pro se* civil complaint [Dkt. #1]. The Court will DISMISS the case because the complaint fails to meet the minimal pleading requirements of Federal Rule of Civil Procedure Rule 8(a).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987). Having reviewed plaintiff's complaint and attachments, this Court has concluded that plaintiff has not met the Rule 8 standard—this Court cannot discern the claims being made against defendants, much less the basis for those claims. Plaintiff brings this action against the Federal National Mortgage Association; the United States; United States District Court for the District of Columbia Judge Rosemary M. Collyer; the Clerk of this Court, Angela Caeser; and the Arkansas Judicial Discipline and Disability Commission. The first page of the complaint suggests plaintiff is lodging serious allegations as it includes phrases like "deceptive acts in commerce," "public corruption and willfully cover-up," and "corruptly aid & abetting malice fraud willfully," but the factual allegations thereafter do not plead any specific facts to support these allegations. Rather, the complaint proceeds with a jumble of bald assertions sprinkled in between a largely incoherent string of references to the Constitution and various federal statutes. For example, plaintiff begins:

> Defendants engaged, associated, conspired, aid and participate directly and indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity affecting interstate commerce. Enterprise corruption JPMorgan Chase Bank, N.A., Associates and co conspirators engaged in acts and conduct in unlawfully combination in form of trust and conspiracy in restraint of trade, commerce and competition (no hearing or trial by jury) in the Pulaski County, Ar[kansas] and the District of Columbia and between Pulaski County and the District of Columbia with pattern of racketeering activities affecting interstate commerce with malice and fraud. . . . Deprivation of

> Plaintiff rights under color of state laws, . . . and conspiracy to deny Plaintiff equal protection of the laws in violation of U.S. Constitution Amend[ment] 14 with malice and fraud.

Compl. 2.  In sum, plaintiff's complaint as drafted does not provide defendants with adequate notice of the claims asserted against them and therefore fails to comply with Rule 8.  Hence, it must be dismissed.  An Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge